(December 17, 1894.)

STATE v. GIBBS.

[38 Pac. 651.]

PRACTICE—DEFECTIVE RECORD—WANT OF CARE IN PREPARING RECORD ON APPEAL.—Counsel admonished if more care is not taken in preparing records on appeal, the court will dismiss the cases on their own motion. The court, finding no reversible error in the record, affirms the judgment of the court below.

(Syllabus by the court.)

APPEAL from District Court, Bear Lake County.

R. S. Spence and E. E. Chalmers, for Appellant.

The trial court erred in denying the defendant's challenge to the array or panel of jurors for that they were not drawn or summoned in the manner required by sections 3947 to 3960, inclusive, of the Revised Statutes of Idaho. The defendant was entitled as of right to trial by a jury selected, drawn, returned, summoned and impaneled strictly in the manner prescribed by statute. (*State v. Da Rocha,* 20 La. Ann. 356; *State v. Morgan,* 20 La. Ann. 442; *People v. McKay,* 18 Johns. 217; *McCloskey v. People,* 5 Park. C. C. 308; *State v. Jenkins,* 32 Kan. 477, 4 Pac. 809; *People v. Labadie,* 66 Mich. 702, 33 N. W. 806; *People v. Arceo,* 32 Cal. 40; *Clinton v. Englebrecht,* 80 U. S. (13 Wall.) 434; *Clawson v. United States,* 114 U. S. 477, 5

Sup. Ct. Rep. 949.) Evidence, although in itself competent as circumstantial, cannot be connected with the defendant by mere hearsay. (1 Greenleaf on Evidence, sec. 108, note; 1 Roscoe's Criminal Evidence, 25, 26, note; *People v. Wyman,* 15 Cal. 70; *Hopt v. Utah,* 110 U. S. 574, 4 Sup. Ct. Rep. 202; 4 Am. Cr. Rep. 417.) The verdict is contrary to law and the evidence. It is against law for that it was not returned by a lawful jury, and was based upon unlawful evidence. It is against the evidence for that the evidence taken as a whole proves only an aggravated assault. (*Commonwealth v. Merrill* (Mass.), 14 Gray, 415; *Thomas v. State,* 16 Tex. App. 535; *Christian v. Commonwealth* (Va.), 23· Gratt. 954; *Commonwealth v. Fields,* 4 Leigh, 468; *Thompson v. State,* 43 Tex. 583; *Saddler v. State,* 12 Tex. App. 194; *Sanford v. State,* 12 Tex. App. 196; *State v. Neely,* 74 N. C. 425, 21 Am. Rep. 496; *State v. Massey,* 86 N. C. 650, 41 Am. Rep. 478.)

George M. Parsons, Attorney General, for State.

It does not appear that there was a "material departure from the forms prescribed in respect to the drawing and return of the jury," and a challenge to the panel can only be founded on a material departure from the statutory forms. (Pen. Code, sec. 7819.) If, as appears in this case from that part of the transcript stricken out, the jury was summoned on a "special venire," then the only objection to the panel is the one prescribed in section 7824 of the Penal Code. (*People v. Welsh,* 49 Cal. 174; *People v. Ah Chung,* 54 Cal. 398.) "It is no less a crime, even though the aggressor should abandon his intentions, by reasons of the pains of a stricken conscience alone." (*People v. Stewart,* 97 Cal. 238, 32 Pac. 8; *Glover v. Commonwealth,* 86 Va. 382, 10 S. E. 420; 1 Bishop's New Criminal Law, last ed., secs. 732, 733.) The question of intent was a matter solely for the jury. (*People v. Swalm,* 80 Cal. 46, 49, 13 Am. St. Rep. 96, 22 Pac. 67.)

HUSTON, C. J.—The defendant was convicted of an assault with intent to commit rape. Motion for new trial was made and overruled. No appeal was taken from that order. The appeal from the judgment was taken nearly four months after

rendition of judgment.  The only assignments of error we can consider upon this record are the following: 1. That the jury was not drawn according to law; 2. That the court erred in refusing to give a general instruction as follows: "That the indictment does not charge an assault with intent to commit rape"; 3. That the court erred in overruling the motion in arrest of judgment; 4. That the court erred in refusing to give the instructions asked for by defendant, and numbered 3, 4, 8, 11, 12, 13, 14, 15 and 16.  There is nothing in the record to sustain the first assignment of error.  As to the second assignment, we find nothing in the indictment that will support this objection.  No grounds appear to have been given for the motion in arrest of judgment.  We have carefully examined the instructions complained of, and we find no error therein.

In the taking of this appeal there seems to have been an utter abnegation of the requirements both of the statutes and rules of court.  Unless counsel can take more care in the preparation of cases for hearing in this court, we shall be compelled to dismiss them upon our own motion.  Had not this been a case involving the liberty of the defendant, we should have felt, not only justified, but obliged, to dismiss it.  As it is, we have given it all the consideration it was possible to give upon the record before us.  Finding no error therein, the judgment of the district court is affirmed.

Morgan and Sullivan, JJ., concur.